Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND LONG, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>TAMMY DORSET, et al.,<br><br>　　　　　Defendants. | Case No. 17-cv-02758-PJH<br><br>**ORDER PARTIALLY VACATING FEBRUARY 22, 2019 ORDER AND DISMISSING CLAIM FOR CONTRIBUTORY COPYRIGHT INFRINGEMENT WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 65 |

　　　　On February 22, 2019, the court dismissed all claims brought by plaintiff Raymond Long and his corporation, Bandha Yoga Publications, LLC (collectively, "plaintiff") against defendant Facebook Inc. ("Facebook") in this action. Dkt. 45. In relevant part, the court dismissed plaintiff's claims for direct, contributory, and vicarious copyright infringement (collectively, the "copyright claims") against Facebook with prejudice. Id. at 10, 12-13. The court based that decision on its finding that Facebook's five-business-day response to remove the allegedly infringing material satisfies Title 17 U.S.C. § 512's expeditious requirement, thereby entitling Facebook to that section's safe-harbor defenses. Id. at 9-10. Ultimately, on December 11, 2019, the court entered judgment against plaintiff in favor of Facebook. Dkt. 62. Shortly after, plaintiff appealed the February 22, 2019 order dismissing his copyright claims. Dkt. 63.

　　　　On April 23, 2021, the United States Court of Appeals for the Ninth Circuit (the "Ninth Circuit" or the "panel") issued its decision on plaintiff's appeal. Dkt. 65. In its decision, the Ninth Circuit affirmed the court's order dismissing each of the three copyright claims. Id. at 2-5. Importantly, when assessing the viability of the claim for

1 contributory copyright infringement, the panel held that plaintiff "fails to plausibly establish
2 that Facebook actually knew precisely what infringing material was available on
3 Facebook." Id. at 4.

Despite its decision affirming this court's February 22, 2019 order, the panel directed this court to vacate that portion of that order dismissing the claim for contributory copyright infringement ***with prejudice***. Id. at 4-5 (emphasis added). The panel further directed the court to "enter an order dismissing the [contributory copyright infringement] claim ***without prejudice*** and granting [plaintiff] leave to amend." Id. at 5 (emphasis added).

The panel explained that, if permitted the opportunity to allege additional facts, plaintiff could "theoretically" cure the actual knowledge pleading defects that the panel identified in his prima facie claim for contributory copyright infringement. Id. at 4. The panel reasoned that such amendment "would not necessarily be futile." Id. at 5. It explained that "new facts" could effectively require the court to reexamine its conclusion that Facebook acted expeditiously when removing the subject infringing material. Id. On May 17, 2021, the Ninth Circuit entered the mandate on its April 23 decision. Dkt. 66.

Accordingly, the court **VACATES** its order dismissing with prejudice plaintiff's claim for contributory copyright infringement. The court hereby **DISMISSES** that claim without prejudice. Within **28 days** of this order, plaintiff may file an amended complaint alleging additional facts in support of his claim for contributory copyright infringement, as discussed in the Ninth Circuit's April 23 decision. To be clear, this order affects ***only*** plaintiff's claim for contributory copyright infringement (Dkt. 27 (first amended complaint (FAC) ¶¶ 108-16). Plaintiff may not amend any other claim in his FAC. The court has finally adjudicated all such remaining claims.

In the event plaintiff files an amended complaint, the court orders that plaintiff also provide a redline clearly showing all changes between the FAC and that amended pleading. Plaintiff should file the subject redline as a separate docket entry.

**IT IS SO ORDERED.**

Dated: May 21, 2021

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge