UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND LONG, M.D., et al., <br><br> Plaintiffs, <br><br> v. <br><br> TAMMY DORSET, et al., <br><br> Defendants. | Case No. 17-cv-02758-PJH <br><br> **ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT** <br><br> Re: Dkt. No. 75 |

Before the court is defendant Facebook, Inc.'s ("defendant") motion to dismiss plaintiffs Raymond Long, M.D.'s ("Long") and Bandha Yoga Publications, LLC's ("Bandha") (collectively, "plaintiff") second amended complaint ("SAC"). Dkt. 75. Having read the parties' papers and considered their argument and the relevant legal authority, and good cause appearing, the court hereby **GRANTS** defendant's motion to dismiss.

## BACKGROUND

This lawsuit is a copyright infringement action brought by plaintiff against defendant and unspecified Doe defendants. It arises out of a hacker's illicit access to and control of plaintiff's Facebook page. While in control, the hacker posted on the page various links and images related to plaintiff's copyrighted material. The parties are familiar with the events giving rise to this action. They are also familiar with its procedural posture. The court will detail its background only as necessary below.

## DISCUSSION

In its first amended complaint ("FAC"), plaintiff alleged seven claims against defendant. Dkt. 27 (FAC) ¶¶ 102-126 (direct, contributory, and vicarious copyright infringement), ¶¶ 167-71 (negligence), ¶¶ 172-74 (aiding and abetting), ¶¶ 175-80

(breach of contract), ¶¶ 181-84 (violation of Business & Professions Code § 17200). For purposes of this order, the court need address only one of the three copyright claims alleged in the FAC—namely, the contributory infringement claim. Id. ¶¶ 109-16.

On February 22, 2019, the court dismissed that claim with prejudice. Dkt. 45 at 10. Aside from a footnote, id. at 10 n.7, the court did not address whether plaintiff stated a prima facie claim for contributory infringement. The court did not decide whether plaintiff identified communications that it sent to defendant that complied with any take down notice conditions required by the Digital Millennium Copyright Act's ("DMCA"), Title 17 U.S.C. § 512. Instead, the court found that, "regardless of whether plaintiff sent notices that complied with the DMCA's requirements," id. at 7, defendant expeditiously removed any infringing material, id. at 9-10. Based on that finding, the court held that the DMCA's safe harbor applies to the contributory infringement claim. Id. at 10. Plaintiff appealed. Dkt. 63.

On April 23, 2021, the Ninth Circuit issued a memorandum disposition. Dkt. 65. The panel affirmed the court's dismissal of the contributory infringement claim. Id. at 4. It held that plaintiff "fail[ed] to plausibly establish that [defendant] actually knew precisely what infringing material was available on Facebook." Id. The panel based that holding on the FAC's allegations, the parties' communications, and the attachments to such communications. Id.[1]

However, the panel then observed that "[t]his defect could theoretically, however, be cured by the allegation of other facts." Id. (internal quotes and citations omitted). As a

---

[1] In its opposition, plaintiff states that "[n]othing in the [panel's] opinion suggests that the Panel construed the FAC as alleging that infringing images were posted directly on the Bandha Yoga page that Facebook had the right and ability to control." Dkt. 80 at 17. That statement shows that plaintiff misunderstands the panel's decision. Dkt. 65 at 2 ("[Plaintiff] contacted [defendant], and after eight days of email communications, [defendant] revoked [the hacker's] administrator access, an action that automatically deleted all of [the hacker's] posts**, including those that contained** or linked **to infringing material**.") (emphasis added).

Additionally, contrary to plaintiff's characterization of that decision as "non-precedential," Dkt. 80 at 17, that decision may qualify as precedential under the law of the case doctrine. See Ninth Cir. R. 36-3(a).

primary example, the panel indicated that "if [plaintiff] could plead facts describing a different communication to Facebook that clearly identified a set of specific infringing images on Facebook and, at the same time, clearly indicated his ownership of those specific images, he could state a prima facie claim for contributory infringement, and the burden would then shift to Facebook to prove any affirmative defenses." Id. at 4-5.

The panel then "note[d] that amendment would not necessarily be futile." Id. at 5. The panel explained that, "[b]ecause an Amended Complaint may plead new facts informing both whether [plaintiff's] communications satisfied [Title 17 U.S.C.] § 512(c)(3)(A) and whether, if so, [defendant's] response was expeditious," this court's holding in its February 22, 2019 order (that the DMCA's safe harbor applies) "does not provide an independent alternative ground for dismissal with prejudice." Id. The panel then directed this court to permit plaintiff leave to amend. Id. This court did so. Dkt. 67.

On July 1, 2021, plaintiff filed its operative second amended complaint. Dkt. 70. On July 29, 2021, defendant filed the instant motion to dismiss. Dkt. 75. In it, defendant proffers two arguments. First, defendant asserts that plaintiff failed to remedy the actual knowledge defects identified by the panel as necessary to state a prima facie claim for contributory infringement. Second, defendant argues that the DMCA safe harbor applies.

Based on the panel's instructions, it appears that the main question to determine the viability of the contributory infringement claim is whether the SAC alleges a "different communication to defendant" that "clearly identified a set of specific infringing images on Facebook" and "at the same time, clearly indicated his ownership of those specific image."

The court finds that the SAC does not. The court closely reviewed that amended pleading and compared it to the FAC. It also tediously tallied all communications. In his SAC, plaintiff specifies **only** the **same** communications alleged in his FAC.[2] Given that,

---

[2] Compare SAC ¶¶ 45-49 (May 24, 2015 emails and May 24, 2015 and May 25, 2015 intellectual property ("IP") reporting forms) with FAC ¶¶ 42-46 (same); Compare SAC ¶ 52 (May 25, 2015 email using account associated with plaintiff's Facebook business page) with FAC ¶ 51 (same); Compare SAC ¶¶ 60-61 (more May 25, 2015 emails) with

3

plaintiff necessarily failed to identify any new, different communications by it to defendant establishing that defendant had actual knowledge of the specific infringing material.

That said, the court notes that the panel's observation about amendment was illustrative of the sort of new facts that plaintiff could allege to satisfy the actual knowledge element necessary to state a prima face contributory infringement claim. Dkt. 65 at 4 ("***For instance***, if [plaintiff] could plead facts describing a different communication . . .") (emphasis added). Thus, the court understands that plaintiff may nonetheless show that element by other facts that do not necessarily involve different communications.

In its opposition, plaintiff suggests that its newly added allegations at paragraph 59 satisfy that element. Dkt. 80 at 26-27. In particular, plaintiff argues that:

> Contrary to Facebook's claim that [plaintiff] did not tell [defendant] "precisely what infringing material was available on [defendant]," . . . [plaintiff] specifically pleads that "***[defendant] was aware from [plaintiff's] DMCA notices that everything the [hacker] posted on [plaintiff's] Bandha Yoga Facebook page was copyrighted by [plaintiff] and all that material infringed on [plaintiff]'s copyrights.***" Id. at 26 (emphasis in the original).

To support the portion quoted in bold, plaintiff primarily cites SAC paragraph 59(a). In that paragraph, plaintiff alleges (on information and belief) that defendant maintains certain website "scraping" software that enables defendant to identify "'new' material posted onto a website after a specific date." SAC ¶ 59(a); see also Id. ¶ 59(b) (substantially similar assertion). Plaintiff also parenthetically cites paragraph 59(e). Dkt. 80 at 26-27. In that paragraph, plaintiff asserts that he "specifically identified the infringing images" and "supplied a link to his blog showing the 'source' of the improperly copied infringing material." SAC ¶ 59(e). Plaintiff further alleges (on information and

---

FAC ¶¶ 57-58 (same); Compare SAC ¶¶ 68-71 (May 26, 2015 communications) with FAC ¶ 67-70 (same); Compare SAC ¶¶ 74, 77-78 (May 27, 2015 communications) with FAC ¶ 72, 75-76 (same); Compare SAC ¶ 81 (May 28, 2015 notices and communications) with FAC ¶ 78 (same); Compare SAC ¶¶ 83-86 (May 29, 2015 communications) with FAC ¶¶ 80-83 (same); Compare SAC ¶ 88 (May 30, 2015 notices) with FAC ¶ 84 (same); Compare SAC ¶ 89 (June 1, 2015 response) with FAC ¶ 85 (same); see also Dkt. 70-1 (redline comparing SAC to FAC).

belief) that defendant has certain "neural network and artificial intelligence" software that permits it to identify and remove potentially infringing material. Id.

When ruling on a motion to dismiss, the court does not consider conclusions. It considers only facts. For that reason, the court disregards paragraph 59(e)'s first assertion that he "specifically identified" the infringing material.

After applying that basic principle to the above paragraphs, the court finds that their remaining factual allegations fail to plausibly establish that defendant had actual knowledge of the specific infringing material. At best, paragraphs 59(a)'s and 59(e)'s unverified assertions about defendant's use of "scraping" or other "artificial intelligence" software supports the inference that defendant *could* become aware of all information posted. That inference does not establish "actual knowledge" (or "awareness," however put). It also says nothing about defendant's mental state as it pertains to "*precisely* what infringing material was available on Facebook." Dkt. 65 at 4 (emphasis added).

That leaves paragraph 59(e)'s second assertion that plaintiff sent defendant a link to his blog. Plaintiff does not make any attempt to show that such communication was any different than those already enumerated, considered, and rejected in his FAC. Regardless, even if plaintiff had, defendant's receipt of a "link" to a blog does not show actual knowledge of any specific infringing material posted on Facebook.

Finally, the court observes that the SAC includes one other allegation related to the knowledge element. That allegation appears at paragraph 55. Plaintiff fails to cite that allegation in support of its position on the knowledge issue. To provide this action some long-awaited repose, the court will address it.

At paragraph 55, plaintiff alleges that defendant's May 25, 2015 at 12:28 am communication to plaintiff (first referenced at SAC ¶ 54) shows that defendant "acknowledge[ed] receipt" of plaintiff's communications and, thus, "was aware" of plaintiff's purported take down notices. SAC ¶ 55. Perhaps. But plaintiff's allegation at paragraph 55 is a new argument, *not* a new fact. In its FAC, plaintiff identifies that exact same communication. Compare FAC ¶ 53. Thus, the court finds that paragraph 55 does

nothing to cure the actual knowledge defect identified by the panel in its decision.

In short, the court concludes that plaintiff failed to cure the actual knowledge defects identified by the panel. As a result, the panel's conclusion that plaintiff failed to state a prima facie claim for contributory infringement remains controlling. Separately, because plaintiff has failed to allege any additional facts in the SAC that would alter this court's February 22, 2019 holding that defendant expeditiously removed any infringing material, the court further concludes that the DMCA safe harbor defense still applies.

## CONCLUSION

For the above reasons, the court **GRANTS** defendant's motion to dismiss plaintiff's second amended complaint. The panel permitted plaintiff the opportunity to amend the contributory infringement claim. The panel clearly instructed plaintiff how it may cure that claim's defects. Plaintiff failed to remedy such defects. On that basis, the court finds permitting plaintiff further leave to amend this claim would be futile. Accordingly, the court dismisses this claim with prejudice. Given that, the court notes that all of plaintiff's claims in this action have been finally adjudicated (at least in this court).

The court will again enter judgment.

**IT IS SO ORDERED.**

Dated: September 17, 2021

                                              Phyllis J. Hamilton
                                              PHYLLIS J. HAMILTON
                                              United States District Judge